UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

                                                    Case No. 26-20040-dob

TRAVIS M. RONDO and
MELISSA A. RONDO,

                                                    Chapter 13 Proceeding
           Debtors.                          Hon. Daniel S. Opperman

_____/

## OPINION AND ORDER DENYING CHAPTER 13 TRUSTEE'S MOTION FOR RECONSIDERATION OF APRIL 1, 2026 ORDER CONFIRMING PLAN REGARDING VALUE OF 2015 CHEVROLET EQUINOX

On April 1, 2026, the Court entered an Order Confirming Plan ("Confirmation Order"), which stated, in relevant part as applicable to the claim of Santander Bank, N.A.:

> IT IS FURTHER ORDERED that the 2015 Chevy Equinox which secures the claim of Santander Consumer USA, Inc. shall be paid a "crammed" value of $5,750.00 plus an interest rate of 7.75%, per annum, as a Class 5.1 claim over the life of the Plan with equal monthly installments of $115.90. The remaining portion of said claim shall be treated as a Class 9 general unsecured claim.

This Order was entered after issuance of a bench opinion at the confirmation hearing held on March 26, 2026, the subject of that hearing being the value of Debtors' 2015 Chevrolet Equinox (the "Vehicle"). At that hearing, the Court concluded that the correct starting point for valuation before making any deduction for costs of repairs, etc. was the retail, or replacement, value. In its bench opinion, the Court, followed the directive of the United States Supreme Court in *Associates Commercial Corp. v. Rash*, 520 U.S. 953 (1991), and held that for purposes of cram down treatment of a secured claim in a Chapter 13 plan, the Court is to use the "replacement" value as the standard, which is what a willing buyer would pay to obtain like property from a willing seller. This is akin to the retail value of $10,100.00, which the secured creditor Santander Bank offered as a NADA Report attachment to its objection to confirmation and at the March 26, 2026 hearing.

1

At the March 26, 2026 hearing, the Trustee relied upon his Memorandum of Vehicle Appraisal, which used the Kelly Blue Book private party value of $6,475.00 as the starting point, then deducted the costs of repairs of $4,350.00, to arrive at his proposed cram down value of $2,125.00 for the Vehicle. While the Court adopted the Trustee's proposed amount of $4,350.00 for repair costs as Santander Bank conceded such at the hearing without further proofs, the Court rejected the Trustee's appraiser's utilization of the private party value as the starting point under *Rash*. Accordingly, the Court deducted $4,350.00 from the $10,100.00 retail value of the Vehicle, resulting it the cram down value for the Vehicle of $5,750.00.

The Chapter 13 Trustee filed a Motion for Reconsideration of the Confirmation Order, specifically limited to the value of the Vehicle. The Trustee requests that this Court reconsider the value of the Vehicle and "redetermine its value to be $2,183.00 which computed by subtracting $4,350.00 repair costs from the $6,533 Average Retail Selling price of the three auto dealer merchants described in TRUSTEE'S written Appraiser's Report; or in the alternative schedule an Evidentiary Hearing to establish an Evidence Record with proofs as the basis to determine the value of Debtor's 2015 Chevrolet Equinox." In his Motion, the Trustee asserts that the valuations of three additional auto dealers attached the Appraiser's Report should be considered as retail values for the Vehicle. The Trustee also argues that a proper foundation was not laid for the Court's adoption of the NADA retail valuation report offered by Sandtander Bank.

Pursuant to Rule 9024-1(a) of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Michigan, a motion for reconsideration may be filed within fourteen days after the order to which it objects is issued. It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect <u>and</u> that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall

2

not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp.2d 731, 734 (E.D. Mich. 2002) (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp.2d 262, 278 (E.D. Mich. 1997)).

The Court concludes there was no palpable defect or error in fact or law when it valued the Vehicle under the applicable standard and deducted the amount for repairs as calculated by the Trustee's appraiser. In its determination on value of the Vehicle, the Court relied upon the pleadings offered by both the Trustee and Santander Bank as well as the representations and argument of counsel for both parties at the March 26, 2026 hearing. The proofs before it were the Trustee's Appraiser's Report and Santander Bank's NADA Report as the valuation starting point for the Vehicle. The Trustee's starting point was private party value, which is incorrect under *Rash* and applicable law for purposes of determining cram down value. Santander Bank's starting point was retail value, which is correct. The Court also rejects the Trustee's argument that the Court "failed to consider the comparable values of the three other retail auto dealer merchant's values listed in Trustee's Appraiser's report." These "sellers" do not include a standard for valuation and are vague in this regard. Further, any valuations of these "sellers" were not utilized as a basis for the Trustee's appraiser—only the $6,475.00 Kelly Blue Book was relied upon. These three additional valuations were not argued in any of the Trustee's pleadings prior to this Motion for Reconsideration, or at the hearing by Trustee's counsel as reliable

3

sources for retail value. Accordingly, the Court concludes that there was no palpable defect in law or fact as to the valuation of the Vehicle.

WHEREFORE, IT IS HEREBY ORDERED that the Chapter 13 Trustee's Motion for Reconsideration of the April 1, 2026 Order Confirming Plan as relates to the secured claim of Santander Bank, N.A., is DENIED.

**Signed on April 22, 2026**



/s/ **Daniel S. Opperman**

**Daniel S. Opperman**
**United States Bankruptcy Judge**